UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> $86,150 IN U.S. CURRENCY, ) <br> ) <br> Defendant(s). ) <br> ) <br> _____ ) | No. C07-4222 BZ <br><br> **SECOND AMENDED ORDER SCHEDULING COURT TRIAL AND PRETRIAL MATTERS (Correcting Settlement Judge)** |

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Joint Case Management Statement is adopted, except as expressly modified by this Order. It is further **ORDERED** that:

1. DATES

Trial Date: **Monday, 8/25/2008, 8:30 a.m., 1 - 2 days**

Pretrial Conference: **Tuesday, 8/12/2008, 4:00 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 7/16/2008**

Close of Discovery: **Friday, 6/4/2008**

2. DISCLOSURE AND DISCOVERY

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil

1

1   Procedure 26(a) or to supplement disclosures or discovery
2   responses pursuant to Rule 26(e) may result in exclusionary
3   sanctions.  Thirty days prior to the close of non-expert
4   discovery, lead counsel for each party shall serve and file a
5   certification that all supplementation has been completed.
6       In the event a discovery dispute arises, **lead counsel** for
7   each party shall meet in person or, if counsel are outside the
8   Bay Area, by telephone and make a good faith effort to resolve
9   their dispute.  Exchanging letters or telephone messages about
10  the dispute is insufficient.  The Court does not read
11  subsequent positioning letters; parties shall instead make a
12  contemporaneous record of their meeting using a tape recorder
13  or a court reporter.
14      In the event they cannot resolve their dispute, the
15  parties must participate in a telephone conference with the
16  Court **before** filing any discovery motions or other papers.
17  The party seeking discovery shall request a conference in a
18  letter filed electronically not exceeding two pages (with no
19  attachments) which briefly explains the nature of the action
20  and the issues in dispute.  Other parties shall reply in
21  similar fashion within two days of receiving the letter
22  requesting the conference.  The Court will contact the parties
23  to schedule the conference.
24  3.   MOTIONS
25      Consult Civil Local Rules 7-1 through 7-5 and this
26  Court's standing orders regarding motion practice.  Motions
27  for **summary judgment** shall be accompanied by a statement of
28  the material facts not in dispute supported by citations to

admissible evidence.  The parties shall file a joint statement of undisputed facts where possible.  If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree.  Any party may then file a separate statement of the additional facts that the party contends are undisputed.  A party who without substantial justification contends that a fact is in dispute is subject to sanctions.

4. SETTLEMENT

This case has referred to the **Honorable Elizabeth D. Laporte to conduct a settlement conference that is set to go forward on April 3, 2008**.  The parties should promptly notify the court whether the case is resolved at the settlement conference.

5. PRETRIAL CONFERENCE

Not less than thirty days prior to the date of the pretrial conference, the parties shall meet and take all steps necessary to fulfill the requirements of this Order.

Not less than twenty-one days prior to the pretrial conference, the parties shall: (1) serve and file a joint pretrial statement, containing the information listed in **Attachment 1**, and a proposed pretrial order; (2) serve and file trial briefs, Daubert motions, proposed findings of fact and conclusions of law, and statements designating excerpts from discovery that will be offered at trial (specifying the witness and page and line references); (3) exchange exhibits, agree on and number a joint set of exhibits and number separately those exhibits to which the parties cannot agree;

3

1  (4) deliver all marked trial exhibits directly to the
2  courtroom clerk, Ms. Scott; (5) deliver one extra set of all
3  marked exhibits directly to Chambers; and (6) submit all
4  exhibits in three-ring binders.  Each exhibit shall be marked
5  with an exhibit label as contained in **Attachment 2**.  The
6  exhibits shall also be separated with correctly marked side
7  tabs so that they are easy to find.

8       No party shall be permitted to call any witness or offer
9  any exhibit in its case in chief that is not disclosed at
10 pretrial, without leave of Court and for good cause.

11      Lead trial counsel for each party shall meet and confer
12 in an effort to resolve all disputes regarding anticipated
13 testimony, witnesses and exhibits.  All Daubert motions will
14 be heard at the pretrial conference.  Not less than eleven
15 days prior to the pretrial conference, the parties shall serve
16 and file any objections to witnesses or exhibits or to the
17 qualifications of an expert witness.  Daubert motions shall be
18 filed and served not less than twenty-one days prior to the
19 conference.  Oppositions shall be filed and served not less
20 than eleven days prior to the conference.  There shall be no
21 replies.

22      All motions, proposed findings of fact and conclusions of
23 law and trial briefs shall be e-mailed in WordPerfect or Word
24 format to the following address: bzpo@cand.uscourts.gov.

25      At the time of filing the original with the Clerk's
26 Office, two copies of all documents (but only one copy of the
27 exhibits) shall be delivered directly to Chambers (Room 15-
28 6688).  Chambers' copies of all pretrial documents shall be

4

three-hole punched at the side, suitable for insertion into standard, three-ring binders.

Dated: March 4, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

**EXAMPLE PROPOSED JURY INSTRUCTION**
**For Chambers of Magistrate Judge Zimmerman**

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction;

5

(3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified. The following proposed instruction contains these elements.

---

        _____'s Proposed Instruction No. _____.
        (Party)

[Title]

[Text]










[Authority]

_____ GIVEN     _____ REFUSED     _____ GIVEN AS MODIFIED

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony, exhibits and witnesses.

    (A) Witnesses to be Called. In lieu

7

```
 1              of FRCP 26(a)(3)(A), a list of
                all witnesses likely to be
 2              called at trial, other than
                solely for impeachment or
 3              rebuttal, together with a brief
                statement following each name
 4              describing the substance of the
                testimony to be given.
 5
          (B)   Estimate of Trial Time. An
 6              estimate of the number of court
                days needed for the presentation
 7              of each party's case, indicating
                possible reductions in time
 8              through proposed stipulations,
                agreed statements of facts, or
 9              expedited means of presenting
                testimony and exhibits.
10
          (C)   Use of Discovery Responses. In
11              lieu of FRCP 26(a)(3)(B), cite
                possible presentation at trial
12              of evidence, other than solely
                for impeachment or rebuttal,
13              through use of excerpts from
                depositions, from interrogatory
14              answers, or from responses to
                requests for admission.  Counsel
15              shall state any objections to
                use of these materials and that
16              counsel has conferred respecting
                such objections.
17
          (D)   Further Discovery or Motions. A
18              statement of all remaining
                motions, including motions in
19              limine.

20   (4)  **Trial Alternatives and Options.**

21        (A)   Settlement Discussion. A
                statement summarizing the status
22              of settlement negotiations and
                indicating whether further
23              negotiations are likely to be
                productive.
24
          (B)   Amendments, Dismissals. A
25              statement of requested or
                proposed amendments to pleadings
26              or dismissals of parties, claims
                or defenses.
27
          (C)   Bifurcation, Separate Trial of
28              Issues. A statement of whether
                bifurcation or a separate trial
```

8

of specific issues is feasible
and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

# ATTACHMENT 2

| | |
|---|---|
| **USDC**<br>Case No. CV07-4998 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-4998 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-4998 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No.  CV07-4998 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No.  CV07-3854 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-4998 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-4998 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-4998 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-4998 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-4998 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-4998 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-4998 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |